# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| GENERAL DATACOMM INDUSTRIES, ) | Case No. 01-11101 (PJW) |
| INC., et al., ) | |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

## SECOND SUPPLEMENTAL AFFIDAVIT OF DOUGLAS COHEN

| | |
|---|---|
| STATE OF CONNECTICUT ) | |
| ) ss: | Hartford |
| COUNTY OF HARTFORD ) | |

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Douglas Cohen, being duly sworn, hereby depose and state:

1. I am a member in good standing of the Bar of the State of Connecticut and admitted to practice before the United States District Court for the District of Connecticut.

2. I am a partner in the firm of Brown Rudnick Berlack & Israels, City Place I, Hartford, Connecticut 06103. This Affidavit is submitted in support of the Supplemental Application for Order, Pursuant to Section 327(e) of the Bankruptcy Code, Authorizing the Retention and Employment of Brown Rudnick Berlack & Israels, LLP as Special Counsel in Additional Matters for the Debtors and Debtors in Possession (the "Supplemental Application").

3. Brown Rudnick intends to assist the Debtors with meeting the requirements of the Connecticut Transfer Act and executing any forms that must be filed with the Connecticut Department of Environmental Protection in connection with the sale of the Debtors' real property located at 1579 Straits Turnpike, Middlebury, Connecticut 06762.

4. Neither I, the firm, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors (the "Debtors"), their creditors, or any other parties in interest therein, except as stated herein. Brown Rudnick has represented General DataComm, Inc. in connection with its Connecticut litigation matters for many years. As of the date of the Petition, Brown Rudnick was representing General DataComm, Inc. in the following active litigation matters: (i) General DataComm Inc. v. Sahara Networks, Inc.; (ii) General DataComm Inc. v. Ascend Communications; (iii) Data Connect Enterprises, Inc. v. General DataComm, Inc. et al.; (iv) General DataComm, Inc. v. Data Connect Enterprises, Inc.

5. Brown Rudnick and certain of its partners, counsel and associates, may have in the past represented, may currently represent and likely in the future will represent, creditors of the Debtors in connection with matters unrelated to the Debtors in these cases. Brown Rudnick did not represent any parties adverse to GDC or its subsidiaries in the above-referenced matters, nor did Brown Rudnick represent any creditor related to these chapter 11 cases. Further, based upon a preliminary review of the Debtors' schedules, Brown Rudnick has not represented any creditor of GDC or its affiliates. Brown Rudnick intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Brown Rudnick. The principal attorneys designated to represent the Debtors and their current hourly rates are:

  (a) Douglas A. Cohen $385 per hour

  (b) Michael Kozlik $180 per hour

2

WP3:770701.4  58868.1017

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

6. The hourly rates set forth above are Brown Rudnick's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Brown Rudnick for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Brown Rudnick's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Brown Rudnick to outside copying services for use in mass mailings, travel expenses, expenses for "working meals", computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Brown Rudnick will charge the Debtors for these expenses in a manner and at rates consistent with other charges made generally to Brown Rudnick's other clients. Brown Rudnick believes that it is fairer to charge these expenses to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients.

7. No promises have been received neither by Brown Rudnick, nor any partner, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. Brown Rudnick does not have any

3

WP3:770701.4                                                                58868.1017

agreements with any other entities to share with such entity any compensation received by Brown Rudnick in connection with its representation of the Debtors for these matters.

WHEREFORE, affiant respectfully prays for the entry of the annexed Order and for such other and further relief as may be just and proper.

                                            Douglas Cohen

Sworn before me
this 19th day of July, 2002.

_Frances F. DeRosa_
~~Notary Public~~ Commissioner of the Superior Court
~~My commission expires~~ _____.

#40153639 v\1 - davissk - wmqv01!.doc - 70056/2